UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ELLEN PERCIVAL,

        Plaintiff,

                                      Civil No. 07-1243-HA

        v.

                                      OPINION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____

HAGGERTY, Chief Judge:

        Plaintiff Ellen Percival requests judicial review of a final decision by the Commissioner

of the Social Security Administration (SSA) that concluded that she was ineligible for Disability

Insurance Benefits (DIB).  Plaintiff alleges disability since April 15, 2003 due to mental and

physical impairments.  She applied for DIB in August 2005 and appeared before an

Administrative Law Judge (ALJ) after that application was denied initially and upon

1   - OPINION AND ORDER

reconsideration.  The ALJ issued a ruling that concluded that plaintiff was not entitled to DIB.

Administrative review of that decision was denied.  Tr. 3.[1]  Plaintiff seeks judicial review and an

Order reversing the Commissioner's decision and remanding this case for an award of benefits.

**BACKGROUND**

Plaintiff asserts that she suffers from severe mental impairments including depression,

anxiety, and panic attacks.  Plaintiff testified that these attacks occur multiple times daily, and

include chest pain and breathing difficulties.  Tr. 269-70.  She also alleges that she suffers from

recurrent migraine headaches and temporomandibular joint disorder (TMJ).  Tr. 270-71.

Evidence presented in support of these allegations included records from B.J. Scott,

M.D., to whom plaintiff reported on October 24, 2005, that she experienced migraines about one

to two times per month.  Tr. 163.  On September 15, 2006, plaintiff presented to Linda

Hungerford, M.D., complaining of pain from her TMJ syndrome.  Tr. 181.  Plaintiff reported that

her TMJ had been a problem for her for thirty years.  *Id.*

Additional medical evidence was provided by plaintiff's mental health counselor Carmen

Hughes, Q.M.H.A., C.A.D.C., who completed an extensive questionnaire in support of plaintiff's

DIB application on November 10, 2006.  Tr. 192-222.

Hughes has treated plaintiff since 2005 and has met with her on multiple occasions.  *Id.*

She has diagnosed plaintiff with anxiety disorder, rule-out (r/o) panic disorder w/ agoraphobia

and major depressive disorder.  She describes plaintiff's anxiety disorder as generalized,

persistent anxiety accompanied by motor tension, apprehensive expectation, autonomic

---

1      Citations beginning with "Tr." refer to pages in the official transcript of the
administrative record filed with the Commissioner's Answer.

2  - OPINION AND ORDER

hyperactivity and vigilance and scanning and including persistent irrational fear of a specific object, activity or situation.  Plaintiff also suffers recurrent severe panic attacks and recurrent and intrusive recollections of a traumatic experience.  *Id*.

Hughes describes plaintiff's functional limitations as "extremely limited" in the activities of daily living, maintaining social function and maintaining concentration, persistence, or pace. Tr. 194.  She believes plaintiff would miss more than two days a month from even a simple, routine sedentary job due to suffering from extreme symptoms of anxiety.  *Id*.

Hughes' diagnoses were confirmed by Tim Holt, a Licensed Medical Provider, who diagnosed plaintiff  with anxiety disorder and r/o panic disorder.  Tr. 196-97.  Holt noted that plaintiff's activities were diminished because of her fear of panic attacks, and he assessed plaintiff with severe panic anxiety.  Tr. 204-06.  Holt prescribed Lorazepam for plaintiff, a medication used for anxiety disorders.  Tr. 202.

Plaintiff, represented by counsel, testified at the hearing before the ALJ.  The ALJ elicited expert testimony from a vocational expert (VE).  Tr. 282-85.  Mark Westermeyer, plaintiff's roommate, also submitted a third-party questionnaire for the ALJ's consideration that provided his observations concerning plaintiff's impairments.  Tr. 95-102.  This court will address the details of plaintiff's medical history as necessary in this ruling.

## **STANDARDS**

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).

3   - OPINION AND ORDER

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability.  20 C.F.R. §§ 404.1520, 416.920; *see also Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

First, the Commissioner determines whether the claimant is engaged in SGA.  If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to step two and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe."  20 C.F.R. § 404.1520(a).  If the claimant lacks this kind of impairment, disability benefits are denied.  20 C.F.R. § 404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA.  *See* 20 C.F.R. § 404.1520(d).  These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments").  If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past.  If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied.  *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

However, in step five, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience. *Hoopai*, 499 F.3d at 1074-75 (citations omitted).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. *See* 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097-98 (9th Cir. 1999) (citations omitted); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citations omitted). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citations and quotations omitted). This court must uphold the Commissioner's denial of benefits even if the evidence is susceptible to more than one rational interpretation, as long as

one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted).

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted). The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citations omitted). A decision to deny benefits may be set aside only if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Benton*, 331 F.3d at 1035.

## SUMMARY OF THE ALJ'S FINDINGS

At step one, the ALJ found that plaintiff had not engaged in SGA since her alleged disability onset date. Tr. 15, Finding 2.

At step two, the ALJ found that plaintiff suffered from the severe impairments of depression and cannabis dependence. Tr. 15, Finding 3. The ALJ concluded that plaintiff's anxiety, migraine headaches, and TMJ syndrome were non-severe impairments. Tr. 16-17.

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled any of the impairments in the Listings of Impairments. Tr. 17, Finding 4. The ALJ then determined that plaintiff's RFC presented no exertional limitations, but is reduced by the following non-exertional limitations: plaintiff is limited to simple, routine, repetitive work in a predictable, slow paced setting, with only limited contact with co-workers and no interaction with the public. Tr. 17, Finding 5.

At step four, the ALJ found that plaintiff could not perform any of her past relevant work. Tr. 21, Finding 6.

At step five, after eliciting testimony from the VE, the ALJ found that plaintiff could perform other work existing in significant numbers in the national economy, including work as a kitchen helper, a laundry worker, and a packaging clerk.  Tr. 21-22, Finding 10.

## QUESTION PRESENTED

Plaintiff contends in part that the evidence presented by Hughes, plaintiff, and lay witness Westermeyer – after being properly weighed and evaluated – establishes that plaintiff's anxiety with panic attacks is a severe impairment and that this action must be remanded for an award of benefits.  Because this court concurs, plaintiff's other arguments need not be analyzed.

## DISCUSSION

### 1.    The ALJ's evaluation of plaintiff's mental impairments

Plaintiff first argues that the ALJ improperly declined to conclude that her anxiety with panic attacks significantly impairs her ability to work.  As noted above, at step two of the sequential process an ALJ is required to conclude whether a claimant suffers from a severe impairment, one which has more than a slight effect on the claimant's ability to work.  To establish the existence of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings, and the claimant's self-reporting alone will not suffice.  *See* 20 C.F.R. §§ 404.1508; 416.908.  An overly stringent application of the severity requirement at step two violates the statute by denying benefits to claimants who do meet the statutory definition of disabled.  *Corrao v. Shalala*, 20 F.3d 943, 949 (9th Cir. 1994).

Instead, the step two inquiry is viewed as a *de minimis* screening device to dispose of groundless or frivolous claims. *Bowen v. Yuckert*, 482 U.S. 137, 153-154 (1987). The Commissioner's regulations provide that a claimant's impairment may be found to be "non-severe" only when evidence establishes that the impairment is a "slight abnormality" that has "no more than a minimal effect on an individual's ability to work." *Corrao*, 20 F.3d at 949 (citing Social Security Ruling (SSR) 85-28). Tthe ALJ must consider the combined effect of all of the claimant's impairments on his or her ability to function, without regard to whether each alone was sufficiently severe. *See* 42 U.S.C. § 423(d)(2)(B) (Supp. III 1991). This "combined effect" must be considered throughout the entire disability determination process. *Id*. As SSR 85-28 provides:

> A determination that an impairment(s) is not severe requires a careful evaluation of the medical findings which describe the impairment(s) and an informed judgment about its (their) limiting effects on the individual's physical and mental ability(ies) to perform basic work activities; thus, an assessment of function is inherent in the medical evaluation process itself. At the second step of sequential evaluation, then, medical evidence alone is evaluated in order to assess the effects of the impairment(s) on ability to do basic work activities.

SSR 85-28.

The evidence plaintiff presented regarding her mental and her physical impairments was sufficient to satisfy the *de minimis* threshold at step two. *See Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (even an incomplete picture of a claimant's overall health during the relevant period may include evidence of problems sufficient to pass the *de minimis* threshold of step two and the ALJ has an affirmative duty to supplement incomplete medical records before rejecting a claimant's petition at so early a stage in the analysis) (citations omitted).

8   - OPINION AND ORDER

In this case, the medical record presented a complete picture of plaintiff's mental impairments. Plaintiff's mental health counselor provided extensive documentation that plaintiff suffers recurrent severe panic attacks and is extremely limited in daily activities, social functioning, and maintaining concentration, persistence, or pace. Tr. 194-222. Licensed Medical Provider Tim Holt assessed plaintiff and confirmed Hughes' diagnoses. Tr. 196-97; 204-06.

Moreover, plaintiff's testimony before the ALJ provided additional details about her mental impairments. She testified that she suffers panic attacks two or three times every day, accompanied by chest pains and shortness of breath. Tr. 269-70. She can leave her residence only three or four times per month, and is able to sleep only a few hours each night before waking in a sweat with chest pains. Tr. 280-82. And, as discussed below, evidence submitted from a lay witness further established these impairments. Tr. 95-102.

The ALJ's reasons for discounting evidence of plaintiff's mental impairments are insufficient. Although he afforded Holt's opinions "significant weight," the ALJ declared there were "significant problems" with the evidence presented by Hughes. Tr. 20. The ALJ viewed Hughes' Medical Source Statement as inconsistent with Hughes' treatment notes, and concluded that her opinion "greatly overstates the claimant's limitations." *Id*. The ALJ also referenced the "context" in which Hughes' report was produced, and speculated that Hughes might have "assumed the role of advocate" on behalf of plaintiff. *Id*.

First, the "context" of Hughes' report provides no basis for discounting its weight. It may be appropriate for an ALJ to reject a medical professional's opinion, but only in cases in which there is specific evidence suggesting that the professional has become an advocate for the

patient's position. *See Matney on behalf of Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992) (medical opinion rejected because of lack of support by specific findings and evidence that the medical professional agreed to become an advocate); *Saelee v. Chater*, 94 F.3d 520, 522-23 (9th Cir. 1996) (rejecting a doctor's opinion may be proper if the doctor's report was rendered solely for the purposes of the administrative hearing, varied from the doctor's own treatment notes, and was worded ambiguously in an apparent attempt to assist the claimant in obtaining benefits).

However, in the absence of evidence of specific improprieties that undermine the credibility of a medical report, the purpose for which the report was obtained does not provide a legitimate basis for rejecting it. *Reddick*, 157 F.3d at 726. There must be evidence of "actual improprieties" pertaining to the circumstances under which a report was obtained and its inconsistency with other records, reports, or findings before the reliability of a medical report is discounted. *Id*. (citing *Salee*, 94 F.3d at 523). A medical report that is based upon years of treatment, supported by evidence in the record, and which is not contradicted by other examining medical professionals should not be discounted regardless of whether the report is generated at the request of a claimant's attorney or prepared in anticipation of a formal evaluation of a claimant's entitlement to DIB. *Reddick*, 157 F.3d at 726.

Hughes' report was supported by her years of serving as mental health counselor to plaintiff. Her opinions were consistent with other relevant medical evidence in the record, including Holt's diagnoses, and with her own treatment notes. *See, e.g.,* Tr. 144-46.

Moreover, the evidence provided by Hughes corroborates plaintiff's testimony about her mental limitations. The ALJ discounted that corroboration on grounds that plaintiff was not

fully compliant with treatment regimens and because her testimony was "only partially supported by the medical record."  Tr. 20.

Of course, an ALJ need not believe every allegation of disabling pain or functional limitation advanced by a claimant.  *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). However, in determining a claimant's credibility, the ALJ should consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid."  *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *see also Light v. Commissioner*, 119 F.3d 789, 792 (9th Cir. 1997).  The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms.  *Id*.

Under *Smolen* and its progeny, an ALJ cannot reject a claimant's testimony regarding severe symptoms without setting forth specific findings that provide clear and convincing reasons for doing so when there is evidence that the claimant has an underlying impairment and there is no indication that the claimant is malingering.  A two-step analysis applies at the administrative level when considering a claimant's subjective credibility.  *Smolen*, 80 F.3d at 1281.

First, the claimant must produce objective medical evidence of an impairment and show that the impairment could reasonably be expected to produce some degree of symptom.  *Id*. at 1281-82.  Presumably, even "partial support" from the medical evidence is sufficient.  In the absence of evidence of malingering, an ALJ can reject the claimant's testimony about the severity of symptoms "only by offering specific, clear and convincing reasons for doing so." *Smolen*, 80 F.3d at 1281.  *See also* SSR 96-7p (ALJ's decision "must be sufficiently specific to

make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight").  Moreover, a claimant's statements cannot be rejected solely because the testimony is viewed as unsubstantiated by the available objective medical evidence.  20 C.F. R.§§ 404.1529(c)(2); 416. 929(c)(2).

Here, no substantive evidence of malingering was presented.  After proper weight is attributed to the evidence provided by Hughes, plaintiff's testimony is thoroughly substantiated by the available medical record, and the ALJ's grounds for discounting it fall short of being clear and convincing.

The ALJ acknowledged that the available medical evidence – even without crediting the report from Hughes – provided partial support for plaintiff's testimony.  Tr. 20.  Moreover, the ALJ's reliance upon the appearance of possible treatment non-compliance is flawed.  Under SSR 96-7, an ALJ is not permitted to draw any inferences about an individual's symptoms and their functional effects that are based upon a perceived "failure to seek or pursue regular medical treatment" without first considering any explanations proffered by the individual, or other information in the case record that may explain such apparent failures.

The ALJ failed to pursue his concerns about plaintiff's non-compliance at the hearing by making specific inquiries of plaintiff or by consulting medical experts regarding the issue.  To the contrary, evidence provided by both Hughes and Holt provide compelling explanations for the level of compliance plaintiff was capable of maintaining regarding her medical treatment. That level of compliance – and the explanations for it – fall short of constituting clear and convincing reasons for discounting plaintiff's symptom testimony.

12 - OPINION AND ORDER

The ALJ also erred in ignoring the evidence presented by lay witness Mark Westermeyer. This testimony suggests that plaintiff has difficulty sleeping, needs help taking medications, seldom ventures outside, is depressed and apprehensive, has problems with her memory and concentration, has difficulty completing tasks and understanding others, and cannot handle stress. Tr. 95-102.

In determining a claimant's possible disability, an ALJ must consider lay witness testimony when it is presented. 20 C.F.R. §§ 404.1513(d)(4) & (e), 416.913(d)(4) & (e); *see also Stout v. Commissioner*, 454 F.3d 1050, 1053 (9th Cir. 2006) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). Lay testimony as to a claimant's symptoms or as to how an impairment affects a person is considered competent evidence and cannot be disregarded without comment. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citations omitted).

To discount the testimony of a lay witness, an ALJ must give reasons that are germane to that witness. *Stout*, 454 F.3d at 1053; *see also Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so" (citations omitted)). When an ALJ errs by failing to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless "unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout*, 454 F.3d at 1053.

If lay testimony is controverted by the medical evidence presented, the ALJ does not err by ignoring that lay testimony. *Timmons v. Comm'r of Soc. Sec.*, 546 F. Supp. 2d 778, 795-96

13 - OPINION AND ORDER

(E. D. Cal. 2008) (citing *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).  However, if the lay testimony is consistent with the medical evidence, then the ALJ must consider it and comment upon it.  *Id.* (citing *Stout*, 454 F.3d at 1053).

After attributing the proper weight to Hughes' report, the court is compelled to conclude that Westermeyer's insights about plaintiff's impairments are consistent with the medical evidence of record.  The ALJ failed to consider or comment upon these insights.  This error cannot be construed as harmless, because this court cannot "confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination."  *Stout*, 454 F.3d at 1053.

### 2.    Remand

In light of this analysis, the court concludes that the ALJ's findings are based on legal error and are not supported by substantial evidence in the record.  *Benton*, 331 F.3d at 1035.  This action must be remanded.

The decision whether to remand for further proceedings or order an immediate award of benefits is within this court's discretion.  *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When outstanding issues must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate.  *Id.* at 1179.

However, when no useful purpose would be served by further administrative proceedings, or when the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  *Id.* (the decision of whether to remand for

further proceedings turns upon the likely utility of such proceedings); *see also Benecke v. McCarthy*, 379 F.3d 587, 593 (9th Cir. 2004); *Smolen*, 80 F.3d at 1292.

This rule recognizes "the importance of expediting disability claims." *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). In cases in which it is evident from the record that benefits should be awarded, remanding for further proceedings would delay effectuating the primary purpose of the Social Security Act, which is to give financial assistance to disabled persons because they cannot sustain themselves. *Id.*

It is clear from the record that the ALJ must find the claimant disabled after crediting the evidence in question. The findings at step two regarding the extent of plaintiff's impairments that meet the regulatory definition of "severe" contain legal error. When the ALJ proceeded to the third step to determine whether plaintiff's impairments are equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA, that error was compounded because the scope of plaintiff's severe mental impairments were not considered.

After giving all of the evidence presented to the Commissioner its proper weight, including the records and opinions of Mental Health counselor Hughes, the testimony of plaintiff, and the evidence presented by lay witness Mark Westermeyer, plaintiff's condition must be viewed as establishing that an award DIB is appropriate. Plaintiff's impairments either meet or equal one of the mental health Listings of Impairments, entitling her to a presumption of disability, or a full consideration of plaintiff's impairments should have been interpreted as precluding the ALJ from meeting the burden of establishing that there are a significant number

of jobs in the national economy that plaintiff could perform given her properly calculated RFC, age, education, and work experience.

Plaintiff's RFC should have included "extreme" limitations in daily living activities, maintaining social function and maintaining concentration, persistence, or pace.  Tr. 194. Plaintiff would miss more than two days a month even if employed in a simple, routine sedentary job because of her extreme symptoms of anxiety.  *Id.*  Plaintiff also suffers recurrent and intrusive recollections of a trauma, and experiences recurrent severe panic attacks, sometimes multiple times in a day.  *Id.*; *see also* Tr. 269-70.  Plaintiff suffers from severe panic anxiety, Tr. 204-06, and is fearful of venturing outside of her home by herself.  Tr. 98.

Additional proceedings are unnecessary to determine plaintiff's entitlement to benefits. The record – with evidence accorded its proper weight – is fully developed, and further proceedings "would serve no useful purpose."  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (if evidence that was improperly rejected demonstrates that claimant is disabled, court should remand for payment of benefits).

Moreover, permitting the Commissioner a further opportunity under these circumstances to amend findings to comport with a denial of disability benefits is not in the interests of justice. *See Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989) (if remand for further proceedings would only delay the receipt of benefits, judgment for the claimant is appropriate).

## CONCLUSION

Based on the foregoing, this court concludes that this action must be remanded.  Further, because the record is fully developed and further administrative proceedings would serve no useful purpose, this remand must be for the purpose of calculating an award of disability

16 - OPINION AND ORDER

benefits.  Under the applicable standards, after giving the evidence in the record the effect

required by law, plaintiff is unable to engage in any substantial gainful activity by reason of her

impairments, and the court is compelled to conclude as a matter of law that she is disabled under

the Act.  Accordingly, the decision of the Commissioner is reversed, and this case is remanded to

the Commissioner for the calculation and award of benefits to plaintiff Ellen Percival.

IT IS SO ORDERED.

DATED this ___12___ day of January, 2009.

__/s/ ANCER L. HAGGERTY_____
ANCER L. HAGGERTY
United States District Judge

17 - OPINION AND ORDER